## In re ADVISORY OPINION OF KENTUCKY BAR ASSOCIATION.

Supreme Court of Kentucky.

March 31, 1981.

Wilfrid Schroder, Covington, for movants Philip (Toliver) Taliaferro III, and Thomas Smith and Stephen Wolnitzek and Paul Schachter, d/b/a Taliaferro, Smith, Wolnitzek & Schachter, a partnership.

Leslie G. Whitmer, Director, Kentucky Bar Association, Frankfort, for Board of Governors of the Kentucky Bar Association.

### OPINION OF THE COURT

The movants seek review of ethics opinion E–230 which was adopted by the Board of Governors of the Kentucky Bar Association. The opinion states that an attorney who represents the Fraternal Order of Police in grievances and other civil matters may not practice criminal law in the same jurisdiction.

This court recognizes the American Bar Association's Code of Professional Responsibility as a sound statement of the standards of conduct required of members of the bar. SCR 3.130.

It is fundamental that energetic representation of criminal defendants often entails vigorous cross-examination of police officers with an eye to discrediting their testimony. Presented with the dilemma of alienating a group of police officers on the one hand and providing a criminal defendant with the most energetic possible defense on the other, the attorney faces a conflict which seriously endangers his ability to zealously represent his client as is required by Canon 7 of the Code of Professional Responsibility.

By its very nature criminal defense is an area of law that is subjected to intense public scrutiny. The public demand for professional independence is great. Canon 9 of the Code states as follows: "A lawyer should avoid even the appearance of professional impropriety." As we said in *O'Hara v. Ky. Bar Association*, Ky., 535 S.W.2d 83 (1975), "The point is not whether impropriety exists, but that any appearance of impropriety is to be avoided . . . ."

The opinion of the Board of Governors is affirmed.

All concur.